## TURNER *v.* CAMPBELL.

PRACTICE.—*Pleading.*—*Motion to Strike Out.*—Where a special paragraph is filed in reply, amounting to no more than an argumentative denial of the answer, it is not error to strike it out, if there be a general denial also filed.

CONTRACT.—*Pleading.*—*Ratification.*—In an action by the assignee, against the maker, on a promissory note, the defendant answered, that he himself, the payee and others were legatees of a certain testator; that, to avoid a threatened action to set aside the will, all the legatees but the payee entered into a written compromise, purporting to be on behalf of all, wherein it was agreed that the whole of the testator's estate should vest in the defendant upon his executing, among others, a promissory note for a certain sum, to the payee, reserving to the defendant the right to collect, for himself, all debts due the testator; that, on petition of all the legatees, including the payee, such compromise was approved by the proper court, whereupon such promissory note, being the one in suit, was executed to and accepted by such payee; and that the payee was indebted to such testator in a certain sum, which defendant demanded be set off against such note.

*Held,* on demurrer, that the payee was, *prima facie,* a party to and ratified such compromise, and that the answer is sufficient.

SAME.—*Set-Off.*—In such case, an allegation, that such set-off consisted of

a debt contracted by the testator as surety for the payee, and paid off by the defendant, as the executor of such testator, before notice of the assignment of the note in suit, is sufficient.

SAME.—*Execution.*—*Evidence.*—As to the contract of compromise above described, the court instructed the jury, that you will "look alone to the written contract for the terms of that contract; as to who executed the contract, you are to look to all the evidence; but, when the contract purports to have been executed by a party, the presumption is, that he so executed it, although it may be by attorney, and the burden of proof is on the party denying its execution to satisfy you that he did not so execute it. An attorney, having a general employment to represent another in a compromise or settlement, would have authority to bind him in that compromise or settlement."

*Held*, that this instruction is not objectionable as assuming, that one who had not signed the agreement of compromise was a party to it.

SET-OFF.—*Bill of Particulars.*—*Pleading.*—If a set-off be pleaded with a bill of particulars of the items, the set-off is good so far as it goes, though the amount of the bill of particulars be less than the amount claimed in the set-off.

SAME.—*Evidence.*—*Instruction to Jury.*—Where an answer sets up a contract in writing as a defence, and the answer is good, it is not error to admit the contract in evidence; and, under such circumstances, where the contract is a promissory note, pleaded as a set-off, it is not error for the court to instruct the jury, that the note is a proper set-off.

From the Monroe Circuit Court.

*D. R. Eckels* and *R. W. Miers*, for appellant.

*J. W. Buskirk* and *J. H. Louden*, for appellee.

BIDDLE, C. J.—Complaint by the appellant, against the maker of the following promissory note:

" BLOOMINGTON, INDIANA, July 24th, 1872.

" Twelve months after date I promise to pay to Robert H. Campbell, at the post-office in the town of Bloomington, Indiana, twelve hundred dollars, for value received, without interest, waiving benefits of valuation and appraisement laws of the State of Indiana.

(Signed,)                    " JAMES L. CAMPBELL."

The note was assigned in writing, by the payee, to William D. Campbell, and by him to the appellant.

No objections were made to the complaint.

The amended answer of the appellee was in five paragraphs, as follows:

1. The general denial.

2. The second is a special answer, very long, but may be stated, in substance, as follows: That Hugh Campbell died testate, leaving children and grandchildren, among the former of whom were the maker and payee of the note; that, by the terms of the will of Hugh Campbell, the greater portion of his estate was devised to the defendant, who was appointed as executor, and accepted the trust. The other legatees, being dissatisfied with the will, were about to institute proceedings to set the will aside, when the defendant entered into an agreement of compromise with them, which was approved by the court of common pleas, and the estate was decreed by said court to be vested in the defendant, and all the debts in favor of said estate to be the property of the defendant; that, before the commencement of this suit, the defendant paid and discharged all the debts against said estate, made his report to the court of common pleas accordingly, and was discharged by the court from his said trust as executor; and thereupon the other legatees executed certain conveyances to the defendant in pursuance of said compromise, and the defendant executed to them certain notes mentioned in the compromise, of which the note in suit was one; that, at the time of the execution of said conveyances and notes, the payee of the note sued on was indebted to the estate of Hugh Campbell in the sum of eight hundred dollars, for money loaned to him by Hugh Campbell in his lifetime, and also in the further sum of fifteen hundred dollars, evidenced by three several promissory notes, all of which remain due and unpaid; that, at the time of the compromise, it was agreed between the maker and the payee of the note sued on and the other legatees, that the compromise was not to satisfy or affect the indebtedness of the legatees to the estate of Hugh Campbell, but that the same should remain in full force, and be left to future adjustment; that William D. Campbell had full knowledge of the said

settlement by compromise, and of the indebtedness of the payee of the note to the estate of Hugh Campbell, deceased, and that the maker of the note claimed the said indebtedness as a set-off against it; that, in 1869, Robert H. Campbell made his note to Dennis G. Shrier, with Hugh Campbell as his surety, for five hundred dollars, which note, the said Robert being insolvent, the defendant was compelled to pay, and did pay, amounting to seven hundred dollars; that, at the time of such payment, he had no notice of the assignment of the note in suit to William D. Campbell, nor of the assignment by said William to the plaintiff, and which sum still remains due and unpaid; that the defendant was compelled to pay, and did pay, on similar claims against the said Robert, on which the said Hugh was surety, and for and on behalf of said Robert, the sum of eight hundred dollars to Roderick M. Wylie; to James Marlin, the sum of seven hundred and thirty-nine dollars; to Eliza Carter, the sum of          dollars; which claims are set forth particularly, with the averment that they were paid without notice of any assignment of the note, and still remain due and unpaid to the defendant; that the plaintiff took the assignment of the note with a full knowledge of the agreement of compromise, and of said indebtedness of the said Robert to the defendant, and that the defendant claimed the same as a set-off against the note in suit; that Robert H. Campbell is hopelessly insolvent, and has no property out of which the defendant could make the amount so due him from Robert by the terms of said compromise.

3.   The third paragraph of answer is a set-off, as to six hundred dollars, due on a promissory note made by the payee to the defendant before notice of assignment of the note sued on in this case

4.   The fourth paragraph of answer alleged the payment of five hundred dollars to John Stipp by the de-

fendant, for the payment of the note sued on, without notice of its assignment.

5. The fifth paragraph alleges, that the plaintiff is not the real party in interest, and that the note in suit was assigned by William D. Campbell to the plaintiff, without any consideration, with a knowledge of the set-off of defendant to the full amount of the note, and for the purpose of enabling the plaintiff to collect the note for the said William, who is a non-resident of the State of Indiana.

Various exhibits were made parts of the several paragraphs of answer, some of which were unnecessary, and none of which need to be particularly set forth.

A demurrer was filed to each paragraph of the amended answer, alleging the insufficiency of the facts to constitute a defence to the action. Various motions were made to strike out certain parts of the several paragraphs of answer, and ruled upon; but no point has been preserved in the record upon these rulings. The demurrer was overruled to each of the several paragraphs of answer, and exceptions reserved by the appellant.

A reply in denial, and of several special paragraphs, was filed to the answer. The special paragraphs were struck out, and exceptions taken.

We may say at once, that there was no error in this ruling. They amounted to no more than an argumentative denial, and the general denial being replied, their rejection did not injure the appellant.

Upon the issues thus formed, a jury trial was had, and a verdict returned in favor of the appellee. The necessary motions were made, rulings had, and exceptions taken, to bring the case to this court. Appeal, and errors assigned here.

The appellant insists, that it appears upon the face of the agreement of compromise, that Robert H. Campbell was not a party to it, and therefore is not bound by it. It is true, that the agreement does not appear to have been

executed by Robert H. Campbell, but it purports to be made on behalf of all the heirs and legatees of Hugh Campbell, and provides for a note to Robert H. Campbell, to be made by James L. Campbell, similar to the one in this suit. It also appears, that Robert H. Campbell was a party to the petition to the court to approve the agreement, and make it a part of its record. These facts, pleaded to a complaint upon a note similar to the one provided for in the agreement to Robert H. Campbell, and endorsed by him, make it appear *prima facie*, we think, that Robert H. Campbell was a party to the agreement, and also ratified it by accepting the note. It is also averred, that the note in suit is the same note described in the agreement. We are of opinion, therefore, that the second paragraph of the answer states a sufficient defence. It shows that the maker of the note paid various sums of money for the payee, amounting in the aggregate to more than the sum of the note, and without notice of its assignment, with the averment that it was understood and agreed between the maker and the payee that such matter should be made a set-off to the note.

We can see no objections to the third paragraph of the answer. It is pleaded only as to six hundred dollars, and by way of set-off. Although the exhibit of the matter of set-off does not amount to six hundred dollars, yet, when matter is thus pleaded as a set-off, it is good as far as it goes.

The fourth paragraph of the answer is sufficient as a set-off to the amount of five hundred dollars.

There is no assignment of error on overruling the demurrer to the fifth paragraph of the answer; the question of its sufficiency, therefore, is not before us.

The appellant discusses the following questions arising under the motion for a new trial:

1. That the court erred in admitting the note of Lewis G. Shrier in evidence—one of the notes pleaded as a

set-off. As we have held the answer good under which the note was offered, it follows that. the note was properly admitted.

2. That it was erroneous to admit in evidence the compromise set up in the second paragraph of answer. This paragraph, mainly founded on the compromise, being held good, the compromise was necessarily a part of the evidence to sustain it.

3. That part of the third instruction given by the court, which refers to the note of Lewis G. Shrier, pleaded as a set-off, and states that it is a proper set-off, is complained of as erroneous We have held the paragraph of answer which sets up this note good, and that the note was properly admitted under it; we must therefore hold, that the instruction to the same effect is correct.

4. The appellant claims, that the ninth instruction given by the court is erroneous. It is in the following words:

" So you will survey the whole case, and determine who was the real payee in interest of the note in suit, and at this point, the burden of proof is on the plaintiff, for the reason that the note shows that it was payable to Robert. You look alone to the written contract for the terms of that contract ; as to who executed the contract, you are to look to all the evidence; but, when the contract purports to have been executed by a party, the presumption is, that he so executed it, although it may be by attorney, and the burden of proof is on the party denying its execution, to satisfy you that he did not so execute it. An attorney, having a general employment to represent another in a compromise or settlement, would have authority to bind him in that compromise or settlement."

The only part of this instruction objected to by the appellant in his brief is that which relates to the compromise set up in the second paragraph of the answer; and the main objection made to that part is, that it assumes that Robert H. Campbell was a party to the compromise.

It does not appear to us to be open to this objection. It tells the jury, that, " as to who executed the contract, they must look to all the evidence." The contract purports to be executed on one part, on behalf of all the heirs and legatees of Hugh Campbell, deceased, except James, signed by four of them, but not by Robert, on behalf of all. It is averred, that Robert agreed to the contract, executed a deed and made the note in suit in pursuance of it, accepted benefits under it, and petitioned the court by attorney to confirm it, which was done. We think, in view of these averments, coupled with the contract and the manner of its execution, the instruction is correct.

5. There is another instruction, which is not numbered, in reference to the note alleged to have been made by Robert H. Campbell to James L. Campbell, set up in the answer. This note was not given in evidence; the instruction is therefore harmless; nor does it appear to us to be wrong.

6. The refusal of the court to give the fifth instruction asked for by the appellant is also complained of, but he furnishes us no argument in its favor, except his statement that it was fairly applicable to the case, and should have been given. We need not state the instruction further than to say, that it refers to the note by Shrier pleaded as a set-off, and that we think the court gave the law properly as to that note in its sixth instruction, to which no objection has been made by the appellant in his brief. The payment of that note out of the estate for Robert, by James, would lessen the estate claimed by James to that extent. It would have been wrong, therefore, to instruct the jury that such payment would not be a set-off, as asked by the fifth instruction.

7. But the point most earnestly urged on behalf of the appellant is the insufficiency of the evidence to sustain the verdict; and the argument most warmly pressed in favor of this point is, that Robert H. Campbell was not a party to the compromise, that he did not sign it, and

·never ratified it; but this question was submitted to the
jury, and they have found otherwise. There is no judi-
·cial reason, therefore, for this court to disturb the verdict.

These are all the questions discussed on behalf of the
·appellant in the brief.

The judgment is affirmed, with costs.